UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 14-50013-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION |
| vs. | ) | FOR RECONSIDERATION |
| | ) | |
| JUSTIN JANIS, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

On August 14, 2014, the court entered an order denying defendant's motion to dismiss. (Docket 43). On August 22, 2014, defendant filed a motion for reconsideration of the order, together with a legal memorandum and supplement. (Dockets 60, 61 & 62). During the pretrial conference on August 25, 2014, the government orally opposed defendant's motion. The court considered the filings and arguments of counsel, orally denied the motion for reconsideration, and indicated a written order would follow.

## DISCUSSION

Defendant argues the court misinterpreted case law on the issue of whether Oglala Sioux Tribal Police Officer Anne Mousseau was acting as a federal officer at the time of the alleged offense. (Docket 60 at p. 1). Defendant argues that notwithstanding the specific requirements of 25 U.S.C. § 2804, Officer Mousseau was not authorized to enforce tribal law as a federal officer unless the Oglala Sioux Tribe consented to allow the

Bureau of Indian Affairs to enforce the tribe's laws. Id. Defendant argues Officer Mousseau was not engaged in any federal function, but rather was only enforcing tribal law. (Docket 61 at p. 1). Asserting the tribe had not consented to allowing the BIA to enforce tribal laws, defendant argues the BIA was never granted the authority allowed by 25 U.S.C. §§ 2802 and 2803,[1] and could not assign that law enforcement duty—enforcing tribal laws—to Officer Mousseau. (Docket 61 at pp. 4 n. 8 and 5). Defendant claims the jury must determine whether Officer Mousseau was a federal officer for protection under 18 U.S.C. § 111. (Docket 62 at p. 1) (referencing United States v. Cotton, 535 U.S. 625 (2002)).

The Secretary of the Department of the Interior, acting through the Bureau of Indian Affairs, is "responsible for providing, or for assisting in the provision of, law enforcement services in Indian country as provided in this chapter." 25 U.S.C. § 2802(a). Within the BIA, the Office of Justice Services is responsible in Indian country for "the enforcement of Federal law and, with the consent of the Indian tribe, tribal law . . . ." Id. at § 2802(c)(1).

The 638 contract between the BIA and the Oglala Sioux Tribe Public Safety Commission ("OSTPSC") is the document which contains the consent of the tribe to allow the BIA to enforce tribal law. See Dockets 34-1, 34-2 & 34-3. The contract is a "self-determination contract . . . entered into under

---

[1] The defendant mistakenly cited the court to 18 U.S.C. §§ 2082 & 2083.

2

Title I of the [Indian Self-Determination and Education Assistance Act of 1975, 25 U.S.C. § 450] between a tribal organization and the Secretary for the . . . administration of programs or services which are otherwise provided to Indian tribes and their members pursuant to Federal Law . . . ." (Docket 34-2 at p. 19 ¶ 8).

The 638 contract states, "[n]othing in this Contract may be construed to terminate, waive, modify, or reduce the trust responsibility of the United States to the tribe . . . . The Secretary shall act in good faith in upholding such trust responsibility." Id. at p. 13 [(d)(1)(B)]. The OSTPSC "previously furnished to the Secretary the resolution of the [OST Tribal Council] authorizing the contracting of the programs, services, functions, and activities identified in this Contract . . . ." Id. at p. 14 [(f)(1)]).

"By executing this Contract, [the tribe] is agreeing to provide for the protection of lives and property of persons . . . residing within the exterior boundaries of the Pine Ridge Indian Reservation." Id. at p. 27 [Sec. 2(A)]. "Services shall be provided in accordance with the defined authority . . . contained in the . . . Oglala Sioux Tribe Law and Order Code . . . ." Id. at Sec. 2(B)(2). Among the agreed-upon-duties of the Patrol Division of Law Enforcement is the obligation to "enforce the Oglala Sioux Tribe Law and Order Code and other applicable law within the jurisdiction of the Oglala Sioux Tribe." Id. at pp. 32-33 [I(3)(a)].

By entering into the 638 contract with the BIA, the tribe consented to the enforcement of tribal law by the BIA. 25 U.S.C. § 2802(c)(1). With BIA funding, the tribe was empowered to conduct law enforcement activities on the reservation which would have otherwise remained the obligation of the BIA.

Officer Mousseau was performing a federal function when she sought to arrest Janis. United States v. Oakie, 12 F.3d 1436, 1440 (8th Cir. 1993) (tribal law enforcement officer is entitled to the protection of 18 U.S.C. § 111 "when performing the federal functions he or she has been deputized to perform."). See Docket 43 at p. 8 ("The court finds as a matter of law that Officer Mousseau was a federal officer for purposes of 18 U.S.C. § 111 at the time of the alleged assault.) (referencing United States v. Bettelyoun, 16 F.3d 850, 853 (8th Cir. 1994); United States v. Drapeau, 644 F.3d 646, 653 (8th Cir. 2011)).

The 2002 United States Supreme Court decision in Cotton has never been held by the United States Court of Appeals for the Eighth Circuit, or any other Court of Appeals, to require a jury to decide whether a "federal officer" was performing a federal contract function as opposed to a tribal law enforcement function. The Eighth Circuit requires the district court to determine as a matter of law whether the officer was designated to perform duties under the 638 contract and then allow the jury to resolve the *fact* issue of whether she was engaged in the performance of her official duties or

4

was "acting outside the scope of [her] employment . . . [or engaged] in a personal frolic." Drapeau, 644 F.3d at 653.  See also United States v. Roy, 408 F.3d 484, 489 (8th Cir. 2005) ("Whether an officer in Van Roekel's position, i.e., an officer of the Flandreau City and Flandreau Santee Sioux Tribal Police Department, qualifies as a federal officer is a 'threshold legal question' for the court. . . . Whether Van Roekel himself was such an officer, as well as whether he was engaged in official duties at the time of the incident, are questions of fact for the jury.") (citing Bettelyoun, 16 F.3d at 853).  Both Roy and Drapeau are post-Cotton directives from the Eighth Circuit and are the court's guidance for this analysis.

## ORDER

For the reasons stated in the order denying defendant's motion to dismiss (Docket 43) and the above analysis, it is hereby

ORDERED that defendant's motion for reconsideration (Docket 60) is denied.

Dated September 3, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE